The opinion of the Court was delivered by
Tilghman C. J. —
This action was brought by Cullen Es? Crane, the plaintiffs below, against The Washington and Pitts-burg Turnpike Company, who are plaintiffs in error) The cause was submitted to arbitrators, who made an award in favour of the plaintiffs. The defendants appealed from the award, and the Court of Common Pleas quashed the appeal, because not entered according to law. The entry of the appeal was alleged to be defective in two respects — 1st. The recognisance entered into by the defendants and their sureties, for prosecuting the appeal with effect, &c. was not such as the law required. 2d. The oath, that the appeal was not for the purpose of delay, &c. was not made by the proper person. The case depends upon the Act “ relative to suits brought by or against corporations,” passed the 22d March, 181?,” by the 4th section of which it is enacted, “ that in case of appeal, certiorari, or writ of error by any corporation, the oath or affirmation required by law, shall be made by the president or other chief ojjicer of the corporation, or in his absence, by the cashier, treasurer, or secretary, aud when any corporation shall be sued, and shall appeal or take a writ of error, the bail requisite in that case shall be taken absolute for the payment of the debt, interest and costs, on affirmance of the judgment.” The defendants contend, that this Act, although general in its terms, is to be restricted to Banking institutions. But I can see no colour for this restriction. *521 The Act in its title, and all its provisions, extends to all corporations, except in some parts where Banks are particularly mentioned. This circumstance of particular provision as to Banks, is a proof that the Act is not to be restricted to Banks throughout; because there could be no occasion to provide for Banks in particular, if the whole Act had been made for Banks alone. But the inconvenience intended to be remedied by this Act, was common to all corporations. A corporation, being a body which has no actual existence, there was a difficulty in serving process on it. You cannot arrest an imaginary being, you cannot serve a notice on it, you cannot summon it. Hence the necessity of prescribing by positive law, some mode of conducting the proceedings against corporations in general. . It cannot be said, that there was no probability of suits being brought against any corporations but Banks. We have a great number of incorporated Road and Bridge Companies, besides charitable and literary socie* ties without end. Indeed corporations are multiplied and multiplying among us, to a degree which thréatens serious evil. They all contract debts, and of course, there may be occasion to sue them. The difficulty of serving process is common to all, and therefore it was necessary that the remedy should extend to all. And such seems to have been the opinion of the Legislature ; for ón a careful perusal of the Act in question, it appears to me to be general in all its provisions, except those which relate to Banks in particular. I am clearly of opinion, therefore, that all corporations are included.
Let us next consider the manner in which this appeal was entered. The appeal appears to have been entered, and the oath made, by William Lea, agent for the Company. He was neither president, nor chief officer, neither.cashier, treasurer, nor secretary. But he, with some others, had been authorised by a resolution of the board of directors, to superintend that part of the road, respecting which, the contract which is the subject of this suit, was made, and to enter an appeal from the award of the arbitrators. The question seems to be then, whether the will of the Legislature, or the board of directors shall govern. The Act says, that the oath, shall be made by one of certain officers of the corporation. The directors say, that it shall be made by an agent. It is riot one of those *522 cases, in-which there is a necessity for departing from the words of the law, and in-which it may be presumed that a departure is within the meaning- of the law. Nothing can be r , . ., -- i - - ° . more plain than the expressions. . Nothing more easy than a compliance with them. If the president, or other chief officer whatever be his name, be on the spot, let him make the oath ; and in case of his absence, it may be made by the cashier, treasurer, or secretary. It may be supposed, that in these officers the law contemplated some responsibility- — some character, which rendered their oaths worthy of credit. But that might not be the case with an agent. My great objection however to departing from the words of the law, is, that they are extremely clear, no manner of doubt hangs over their construction, and therefore neither the company, nor this Court has á right to alter them. In abiding by them, we have certainty, without inconvenience. In departing from them, we introduce uncertainty, than which there can be no •greater inconvenience. I am of opinion, therefore, that this appeal was not well entered, the oath not having been made by the person prescribed by law. That being the case, it is unnecessary to decide on the form of the recognisance. I am of opinion, that the judgment should be affirmed.
Judgment affirmed.