The opinion of the court was delivered by
Tilghman, C. J.
There is but a single point in this case, but that is of great importance to the Schuylkill Navigation Company. The question is, whether, in case of a suit brought against this company, and judgment rendered against them, they may appeal, without giving security for debt, interest, and costs, on affirmance of the judgment, according to the provision of the act, ec relative to suits brought by or against corporations,” passed the 22d of March, 1817. This act (sect. 4,) is expressed in such general terms, as to include all corporations, and was so construed by this court, in the Washington and Pittsburg Turnpike Company v. Cullen and Crane, 8 Serg. & Rawle, 517. But, it has been contended, that, for special reasons, it does not extend to suits brought against this company. The reasons are these. The company was incorporated by an act passed the 8th of March, 1815, (6 St. L. 257.) The eleventh section prescribes the modo *433 of proceeding, where any person complains that he has sustained damage by an act of the company, judgment is to be entered for the damages found, against them, '■'•provided that either party may appeal, in the same manner as appeals are allowed in other cases.” When this act was passed, corporations might appeal in Other cases, without giving security; and, therefore, it is argued, that the right of appeal, without security, is one of the charter rights of this company, and it must be presumed, that the legislature did not mean to comprehend them in the act passed subsequently, (22d of March, 1S17,) by which all corporations were ordered to give security, on entering an appeal. A corporation may be put to great inconvenience in finding security, yet I cannot think that it was the intent of the act of the 8th of March, 1815, to guarantee to this company the right of appealing on precisely the same terms as were prescribed by the law as it then stood. The expressions are, that either party may appeal in the same manner as appeals are allowed in other cases,” that is, in the same manner as appeals are allowed in other cases, at the time when the appeal shall be entered. It was an assurance, that this company should have the same right of appeal, and the same' manner of appeal, that was allowed to other corporations, and not a restriction on the legislature, from making any alteration in the manner of appeal, which might affect the Schuylkill Navigation Company. The object was to place them on the same footing with others, as to the right, and manner of' appealing. But, if other corporations are to be subject to any alteration of the manner of appeal, but this company not so subject, then will they stand in an isolated situation, and their appeal will not be in the same manner as is allowed in .other cases. It has been said, that the manner of appeal is of vital importance, and if left to the will of the legislature, laws may be passed, imposing terms ruinous to the Company. But this ought not to be'presumed. Corporations are so numerous, that their influence is very extensive — 'much too extensive to leave ground for apprehension, that any legislature will pass acts calculated to ruin them. It cannot be for the interest of the commonwealth that they should be ruined, and the Schuylkill Company have this security, that they cannot be singled out, and made subject to a kind of .appeal different from what is allowed to others. For, to distinguish them from others, would indeed be a palpable infringement of their charter. There is one circumstance worthy of the attention of this company. The incorporating act declares, that either party may appeal in the same manner as appeals áre allowed in other cases. It might seem unreasonable, therefore, that the legislature should be restrained from making any alteration which might affect the corporation, yet at liberty to pass acts affecting the other party in the suit. Now,, there has been a very important alteration in favour of the company, by the act of the 1st of February, 1821; which gives to them the right,' *434 in cases of appeal, of having a jury summoned from other counties than that in which the proceedings were commenced, oath being made by their President, “that he apprehends that injustice may be done by a jury to be summoned from the county where the land lies.” This was a very wise provision, well calculated to do justice to both parties, but certainly a great alteration of the law. It may be said, that it was an alteration, not of the manner of the appeal, but of the proceedings, after the appeal entered. Perhaps it may be so, and yet, talcing a large view of the subject, these subsequent proceedings have a clear connexion with the manner of appeal. I lay no stress, however, on this circumstance, in considering the fair construction of the incorporating act. And the fair construction I take to be, that the Schuylkill Navigation Company shall always have the right of appeal, in the same manner as appeals are allowed in other cases, at the time of entering the appeal. I am of opinion, therefore, that no security having been given when the appeal was entered, the Court of Common Pleas was right in dismissing the appeal.
Judgment affirmed.